# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

TAYLOR DAVID NEEFE,

        Plaintiff,

v.     Case No: 6:11-cv-1043-Orl-36GJK

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## ORDER

This cause comes before the Court upon consideration of Magistrate Judge Gregory J. Kelly's Report and Recommendation, recommending that the Court affirm the decision of the Administrative Law Judge ("ALJ") (Doc. 26). Plaintiff Taylor David Neefe ("Plaintiff") filed an objection to Judge Kelly's Report and Recommendation ("Objection") (Doc. 27), to which the Commissioner of Social Security ("Commissioner") responded (Doc. 28). This matter is ripe for review.

**I.   BACKGROUND**

Plaintiff filed a Complaint on June 22, 2011, seeking review of the Commissioner's decision denying Plaintiff's application for Social Security disability benefits ("Application") (Doc. 1). Plaintiff alleges that he has been disabled since September 1, 1998, and is entitled to Social Security Disability benefits ("SSDI") and Supplemental Security Income Payments ("SSI"). *Id.* at ¶ 5.

Plaintiff is twenty years old. R-32. On December 22, 2008, Robin Johnson, Psy. D., a non-examining consultant, diagnosed Plaintiff with borderline intellectual functioning, bipolar disorder and substance addiction disorders. R. 354, 356, 361. Plaintiff's mother, Joan Ellen

Coakley, testified that Plaintiff was awarded Social Security benefits when he was nine years old, but was subsequently deemed ineligible after she got a higher paying job. R. 45-46. Ms. Coakley stated that she filed the Application when Plaintiff turned eighteen because his bipolar disorder, obsessive compulsive disorder and learning problem make it unlikely that he will ever hold a permanent, full-time job. R-6.

Dr. William Puga, M.D. saw Plaintiff six times from 2007 to 2009. R-267-71, 368-70. Dr. Puga opined that Plaintiff has a good ability to understand, remember and carry out simple job instructions. R. 376. However, Dr. Puga opined that Plaintiff cannot manage his own benefits based upon his mood, unpredictable behavior, poor social skills and lack of responsibility. R. 377. Malcolm J. Graham, Ph.D., a clinical psychologist, conducted a consultative examination on behalf of the Commissioner. R. 304-08. Dr. Graham found that Plaintiff "could relate information in a rational, coherent, and sequential fashion." R. 305. Dr. Graham indicated that Plaintiff reported being bipolar, but noted that his examination did not reveal any problems with attention, concentration or memory, or indicate anxiety, depression or thought disorder. R. 307. Additionally, Val Bee, Psy.D., completed a psychiatric review technique and a mental residual functional capacity assessment on behalf of the Commissioner. Dr. Bee made assessments in the areas of mental capacity, concentration, social interaction, and adaptation. *See* Doc. 26, pp. 4-6. Dr. Bee concluded that Plaintiff "appears mentally capable of well-structured task activity" and stated that he "generally appears capable of at least superficially appropriate interaction." R. 324-35.

Upon review of the expert testimony, the ALJ issued a decision on July 22, 2010, finding that Plaintiff suffers from the severe impairments of learning disability, obsessive-compulsive disorder, borderline intellectual functioning, affective disorder and has a history of polysubstance

abuse. Doc. 26, p. 8; R.10-21. However, the ALJ concluded that Plaintiff's impairments do not meet or equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ found that Plaintiff can perform medium level work involving simple tasks in a low stress environment with limited public contact. R-14. Relying upon the VE, the ALJ found that Plaintiff can work as "a cleaner II, carcass washer and bone picker", determining that he was not disabled. R-20.

Upon review of the expert testimony and record before the ALJ, Magistrate Judge Kelly recommended that the Court enter judgment in favor of the Commissioner and close this case. On December 21, 2012, Plaintiff filed an Objection (Doc. 27), to which the Commissioner responded on January 2, 2013 (Doc. 28). On March 5, 2012, Plaintiff submitted a Notice of Supplemental Authority, attaching a recent decision construing *Winschel v. Commissioner of Social Security,* 631 F.3d 1176 (11th Cir. 2011). Doc. 29-Ex. 1 (citing *Sheri Ann Hommell v. Commissioner of Social Security*, Case No. 6:12-cv-102-Orl-31GJK).

## II. STANDARD

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations." When a party makes a timely and specific objection to a finding of fact in a Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with

further instructions. *Id.* The district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper-Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir. 1994).

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and is based upon proper legal standards. *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Id.* at 1158. Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. 42 U.S.C. § 405(g); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) ("If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it."). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992).

### III. ANALYSIS

#### A. Five step disability analysis

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). When making a disability determination, the ALJ follows this evaluation process: (1) whether Plaintiff is currently performing substantial gainful activity; (2) whether Plaintiff has a severe impairment; (3) whether the severe impairment meets or exceeds an impairment in the listings; (4) whether the Plaintiff can perform his past relevant work; and (5) whether Plaintiff

can perform other jobs that exist in the national economy. *Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 136-37 (11th Cir. 2009); *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The Plaintiff has the burden of proof on the first four steps; the Commissioner carries the burden on the fifth step. *Id.* at 137. If it is determined at any step in the analysis that the claimant is not disabled, the evaluation does not proceed. *Id.*

### B. Plaintiff's Objection

In his Objection, Plaintiff argues that the Magistrate Judge improperly rejected his argument that the ALJ's failure to include his limitations in the hypothetical question posed to the vocational expert ("VE") was reversible error. Doc. 27, pp. 2-11. Specifically, Plaintiff contends that the ALJ's hypothetical question to the VE cannot omit his limitation in concentration, persistence, and pace as found by the experts. *Id.* (citing *Winschel v. Comm. of Social Security*, *supra*). In *Winschel*, the ALJ's hypothetical question to the VE omitted the moderate limitation in claimant's concentration, persistence and pace. The Eleventh Circuit remanded the case back to the ALJ with instruction to "pose a hypothetical question to the vocational expert that specifically accounts for [plaintiff's] moderate limitation in maintaining concentration, persistence, and pace." 631 F.2d at 1181.

Plaintiff argues that, in his case, the ALJ found that he had moderate limitations maintaining concentration, persistence or pace. R-13. In his RFC assessment, the ALJ found that Plaintiff had the RFC to perform medium work as defined in the statute with limited exceptions. R-14.[1] According to Plaintiff, the ALJ incorrectly excluded any consideration of Plaintiff's limitation regarding concentration, persistence, or pace in the RFC assessment. Doc.

---

[1] The ALJ found that Plaintiff had the residual capacity to perform: Medium work as defined in 20 CFR 416.967(c) except the claimant must avoid ladders, unprotected heights and the operation of heavy moving machinery. In addition, the claimant requires a low stress environment and work involving simple tasks and only limited contact with the public. R-14.

5

27, p. 4. Plaintiff argues that *Winschel* holds that the ALJ must pose a hypothetical question to the VE specifically accounting for his moderate limitations in maintaining concentration, persistence, and pace. *Id.* at 10; *Winschel,* 631 F.3d at 1181. Therefore, Plaintiff contends that the hypothetical questions posed to the VE were incomplete and the ALJ failed to consider these limitations in step five. *Id.* at 5-6. In his Notice of Supplemental Authority, Plaintiff cites a recent decision from the Middle District where the court found that if the claimant is found to suffer from at least moderate limitations at steps two and three, *Winschel* requires the ALJ to either (1) indicate that those limitations do not affect the claimant's ability to work or (2) include those limitations, either explicitly or implicitly, in the hypothetical questions posed to the VE. *See Hommell v. Comm'r of Soc. Sec.*, Case No. 6:12-cv-102-Orl-31GJK, Doc. 20, p. 7.

In response, the Commissioner explains that Plaintiff misinterprets *Winschel* and maintains that the Report and Recommendation appropriately integrates *Winschel* and its progeny. Doc. 28, pp. 2-4. The Commissioner agrees that *Winschel* holds an ALJ's hypothetical question to a VE must account for a claimant's limitations in maintaining concentration, persistence, or pace for the VE's response to constitute substantial evidence. *Id.* at 2; *Winschel,* 631 F.3d at 1181. However, the Commissioner maintains that when the record contains evidence that the claimant can perform some work despite this limitation, a hypothetical question including the corresponding limitation in work tasks is sufficient. Doc. 28, p. 8 (citing *Winschel,* 631 F.3d at 1180 ("But when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations.")).

6

Further, the Commissioner cites Eleventh Circuit cases following *Winschel* which explicitly state that when the record contains medical evidence indicating that the claimant can perform certain types of work despite a limitation in concentration, persistence, or pace, a hypothetical question including a limitation to such work is adequate. *See Land v. Comm. of Social Security*, 2012 WL 5313342, *4 (11th Cir. 2012) ("We have held that an ALJ's hypothetical restricting the claimant to simple and routine tasks adequately accounts for mental limitations where the medical evidence demonstrates that the claimant retains the ability to perform those tasks despite deficiencies"); *Jarrett v. Comm. of Social Security*, 422 Fed. App'x 869, 876 (11th Cir. 2011) ("Furthermore, an ALJ's hypothetical restricting the claimant to simple and routine tasks adequately accounts for restrictions related to concentration, persistence and pace where the medical evidence demonstrates that the claimant retains the ability to perform the tasks despite concentration deficiencies."); *Rosario v. Comm. of Social Security*, 2012 WL 4074421, *2 (11th Cir. 2012) (same); *Scott v. Comm. of Social Security*, 2012 WL 5358868, *2 (11th Cir. 2012) (same).

In this case, the Court agrees with the Magistrate Judge that the ALJ's hypothetical implicitly accounted for his findings that Plaintiff was limited to simple tasks. Indeed, the ALJ's hypothetical assumes that despite his conditions, Plaintiff could perform medium work, needs to avoid operating heavy machinery, and needs a low-stress work environment, simple tasks, and only limited contact with the public. *See* R-51. First, the medical evidence clearly demonstrates that Plaintiff could perform simple tasks despite his limitations in maintaining concentration, persistence, or pace. Specifically, Dr. Bee recognized that Plaintiff was moderately limited in maintaining concentration, persistence or pace, but found that he could understand, remember, and complete short and simple instructions and perform "well-structured task activity." R- 18.

Further, as the Magistrate Judge noted, Dr. Puga opined that Plaintiff has a good ability to carry out simple job instructions. R-376; Doc. 26, p. 14 n.3.

In addition to being supported by the medical evidence, the Court finds that the ALJ's hypothetical implicitly accounts for his own findings regarding Plaintiff's impairment in concentration, persistence and pace and thus complies with *Winschel* and the subsequent Eleventh Circuit decisions.[2] Although the Court is aware that there is disagreement in interpreting *Winschel*, here the ALJ has done more than rely upon medical evidence in the record indicating that Plaintiff can work despite his limitations. *Compare to Hommell*, Case No. 6:12-cv-102-Orl-31GJK, Doc. 16, p. 6. Indeed, the ALJ's hypothetical implicitly accounts for its findings that despite Plaintiff's moderate limitation in concentration, persistence or pace, Plainitff can still work with the given restrictions. The Court is satisfied that, in this case, Magistrate Judge Kelly correctly concluded that the ALJ properly accounted for Plaintiff's moderate limitation in concentration, persistence or pace by including a limitation to simple tasks in his hypothetical to the VE. *See Winschel,* 631 F.3d at 1180 ("But when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations."); *Land*, 2012 WL 5313342, *4; *Jarrett*, 422 Fed. App'x at 876; *Rosario*, 2012 WL 4074421, *2; *Scott*, 2012 WL 5358868, *2; *Figgs v. Astrue*, 2011 WL 5357907, *9 (M.D. Fla. 2011) (limitation to simple, routine tasks accounted for claimant's moderate limitation in concentration, persistence

---

[2] The ALJ's hypothetical reiterates its finding in the RFC assessment: "After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except the claimant must avoid ladders, unprotected heights and the operation of heavy moving machinery. In addition, the claimant requires a low stress environment and work involving simple tasks and only limited contact with the public." R. 14.

or pace where the non-examining consultant opined that claimant can carry out short and simple instructions).

Therefore, upon consideration of the Report and Recommendation and Plaintiff's Objection thereto, and upon this Court's independent examination of the file, it is determined that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is now **ORDERED and ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge (Doc. 26) is **ADOPTED, CONFIRMED and APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

2. The Decision of the Commissioner of Social Security is **AFFIRMED.**

3. The clerk is directed to terminate all pending motions and deadlines, enter judgment accordingly, and **CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on March 19, 2013.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel of Record
Unrepresented Parties
U.S. Magistrate Judge Gregory J. Kelly